IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA SCHWENK, and<br>LEONARD SCHWENK, Husband<br>and Wife,<br><br>       Plaintiffs,<br><br>    v.<br><br>THE HOME DEPOT U.S.A. d/b/a<br>THE HOME DEPOT, a Delaware<br>Corporation,<br><br>       Defendant. | Case No. CV-07-134-N-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by Home Depot. For the following reasons, the Court will deny the motion.

## FACTUAL BACKGROUND

Plaintiff Donna Schwenk was employed as a sales associate for Central Garden Products, a subsidiary of Central Garden and Pet ("Central"). Central sells and delivers products to Home Depot. To market and ensure high sales, Central hires "sales associates" to stock and maintain displays in the various retail outlets, like Home Depot, where its products are sold.

**Memorandum Decision and Order – Page 1**

In 2005, plaintiff Donna Schwenk was a sales associate for Central. In January of 2005, Central sent Schwenk and another associate to a new Home Depot store in Sandpoint to spend about a week setting up displays.

By the time she arrived in Sandpoint, Central's products had already been delivered and were stacked outside, in an area not cleared of snow and ice. Schwenk had made numerous requests of Home Depot employees to move the products inside, but was ignored. As she tried to move the pallets inside with a hand pallet jack, she slipped and was injured.

Central had workers' compensation insurance, and the carrier accepted Schwenk's work-related claim. Schwenk then filed this action against Home Depot claiming that it created and maintained a hazardous condition on its premises.

Home Depot responded with this motion for summary judgment, claiming that it is a statutory employer of Schwenk and hence entitled to immunity from suit.

## ANALYSIS

Injured workers are provided "sure and certain relief" regardless of fault by Idaho's worker's compensation laws. *See* I.C. § 72-210. That relief is exclusive with the exception that an injured worker may sue a "third party" who may be

**Memorandum Decision and Order – Page 2**

liable for damages caused by the injury. *See* I.C. § 72-223.

The same statute that authorizes suit also confers immunity on two types of employers by exempting them from being deemed "third parties" who might be sued. Idaho Code § 72-223(1) identifies two categories of employers who are not third parties: (1) "those employers described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72-301, Idaho Code" (which will be referred to herein as a category one employer); and (2) "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed" (a category two employer). If Home Depot meets either of these categories, it was Schwenk's statutory employer and cannot be sued.

A category one statutory employer "is anyone who, by contracting or subcontracting out services, is liable to pay worker's compensation benefits if the direct employer does not pay those benefits." *Robison v. Bateman-Hall, Inc*, 76 P.3d 951 954-55 (Id. Sup. Ct. 2003); *see also, Idaho Code* §§ 72-216(1), (2). Home Depot argues that it falls under category one because it had an express contract with Central requiring Central to provide display set-up services like those

**Memorandum Decision and Order – Page 3**

Schwenk was engaged in when she was injured.  However, while the documents provided to the Court contemplate Central providing such services, they do not clearly obligate Central to do so.  The documents are ambiguous as to whether the failure by Central to provide set-up services would breach the contract.

      Home Depot asserts that there was at least an implied-in-fact contract.  Under Idaho law, an implied-in-fact contract "is a true contract whose existence and terms are inferred from the conduct of the parties." *Kennedy v. Forest*, 930 P.2d 1026, 1029 (Id. Sup. Ct. 1997).  Formation of a contract is generally a question of fact for the trier of fact to resolve.  *P.O. Ventures Inc. v. Loucks Family Irrevocable Trust*, 159 P.3d 870, 874 (Id. Sup. Ct. 2007).  That is true here.  The record is very limited, and does not reveal whether Central was contractually obligated to provide services to Home Depot.  Thus, questions of fact preclude a finding that an implied-in-fact contract exists.

      Home Depot argues next that it is a category two statutory employer, which includes "the owner or lessee of premises . . . who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed."  Schwenk responds that the same questions of fact identified above preclude summary judgment on this issue.  Home Depot asserts that it is immunized simply by being the owner of the premises regardless of

**Memorandum Decision and Order – Page 4**

whether any contract for services exists.

The Court agrees. The Idaho Supreme Court has held that the Idaho Legislature intended – through I.C. § 72-223 – to confer immunity on "those parties deemed employers for the purpose of being liable for worker's compensation benefits under I.C. § 72-102." *See Robison v. Bateman-Hall*, 76 P.3d 951, 955 (Id.Sup.Ct. 2003). Consequently, Home Depot can take advantage of the immunity conferred by Idaho Code § 72-223 only if it could have been subject to a direct worker's compensation claim by Schwenk. That means the same questions of fact identified earlier preclude summary judgment on the category two issue.

**Memorandum Decision and Order – Page 5**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (Docket No. 17) is DENIED.

DATED:  **April 28, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge