IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA SCHWENK AND LEONARD SCHWENK, Husband and Wife,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>THE HOME DEPOT U.S.A., INC., d/b/a  )<br>THE HOME DEPOT, a Delaware  )<br>Corporation,  )<br>)<br>Defendant.  )<br>_____) | Case No. CV-07-134-N-BLW<br><br>**MEMORANDUM**<br>**DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiffs' Motion in Limine filed October 27, 2008 (Docket No. 46), Plaintiffs' Supplemental Motion in Limine filed on October 29, 2008 (Docket No. 48), Defendant's Motion in Limine filed November 3, 2008 (Docket No. 52), Defendant's Supplemental Trial Brief and Response to Plaintiffs' Motions in Limine (Docket No. 54) and Plaintiffs' Response to Defendant's Motion in Limine filed November 4, 2008 (Docket No. 57). The motions are fully briefed and at issue.

The Court held an informal telephonic status conference on November 5, 2008 to discuss the logistics of trial. During the hearing, the parties informed the

**Memorandum Decision and Order – 1**

Court that they had entered a Stipulation pertaining to most of the exhibits to be offered at trial. Shortly after the telephonic conference, counsel informed the Court that the parties had reached further agreements on the evidence that rendered several of the pending motions moot. More specifically, the parties resolved all objections to the documents and testimony regarding the medical evidence discussed in the motions in limine and trial briefing. Having considered the parties' respective briefing, and in view of the parties' agreements regarding the evidence, this Court issues the following decision regarding the remaining unresolved motions in limine.

## Plaintiffs' Motions In Limine

Plaintiffs filed both *Plaintiffs' Motions In Limine* (Docket No. 46) and *Plaintiffs' Supplemental Motions In Limine* (Docket No. 48). The former was filed before Plaintiffs' received Defendant's list of witnesses and exhibits and, therefore, was based largely on speculation as to potential objections to the evidence. The latter deals more specifically with the actual evidence Defendant listed. Accordingly, the Court first considers Plaintiffs' Supplemental motions, and then addresses any issue(s) remaining from the first filed motions *in limine*.

***Plaintiffs' Supplemental Motions in Limine (Docket No. 48):***

    1. Motion to exclude the testimony of Doug Berard.

**Memorandum Decision and Order – 2**

Plaintiffs request an order excluding the testimony of Doug Berard. Plaintiffs argue that Berard should be excluded because (1) he was not previously disclosed in violation of Rule 37(c), (d)(1)(ii), (2) no summary of his testimony has been provided, in violation of this Court's pre-trial order; and, (3) he was not disclosed in response to specific discovery requests on the issue for which he is offered - Defendant's statutory immunity defense.

Defendant admits that Berard was not disclosed formally, or informally before October 27, 2008. Defendant states, however, that Berard is being substituted for Aaron Bonham, whose testimony was disclosed by affidavit submitted in support of Defendant's motion for summary judgment. Defendant further states that Berard will testify regarding the same issues that Bonham testified to in his affidavit. See *Defendant's Response to Plaintiffs' Trial Brief, Supplemental Trial Brief and Motions in Limine*, p. 3 (Docket No. 54).

Plaintiffs agree to Defendant substituting Berard for Bonham so long as (1) Bonham's testimony is not excluded by the Court (see motion and discussion below), and (2) Berard's testimony is limited to the scope of Bonham's affidavit submitted in support of Defendant's motion for summary judgment. As explained below, the Court finds that Bonham's testimony will not be excluded at this point, but also finds that it must be strictly limited to the substance of the Affidavit submitted

**Memorandum Decision and Order – 3**

in support of the Motion for Summary Judgment (Docket No. 18). Accordingly, Plaintiffs' motion to exclude Berard as a witness is denied.

    2.    Motion to exclude and/or limit the testimony of Aaron Bonham

Plaintiff claims Bonham should be precluded as a witness because Defendant failed to identify Bonham in response to Plaintiffs' formal discovery request, or otherwise properly disclose him as a witness, or the substance of his testimony. Plaintiffs had sufficient notice that Bonham possessed knowledge and information relevant to Defendant's statutory immunity defense, and that he was a likely witness for the Defendant on this issue. Defendant informed Plaintiffs informally that Defendant had no further testimony or evidence to support its affirmative defense shortly after the Court decided the motion for summary judgment. The information contained in the affidavit is comparable to what would have been provided in a response to Plaintiff's discovery requests or as part of a Rule 26 disclosure. Plaintiffs had notice of the evidence, and the opportunity to obtain a rebuttal witness on the issues set forth in the affidavit. The Court denies Plaintiffs' motion to exclude the witness.

The Court finds, however, that Plaintiffs may have been prejudiced as a result of Defendant's failure to respond to the specific discovery request and to specifically identify Bonham as a witness that would be called at trial. Accordingly, the Court

**Memorandum Decision and Order – 4**

grants the Plaintiffs leave to depose Bonham, or Berard before trial.  Whether the deposition is taken or not, the testimony of Bonham or Berard will be strictly limited to the statements contained in Bonham's affidavit.  Defendant will also pay the cost and attorneys fees incurred by the Plaintiff's in taking the deposition of Bonham or Berard.

      3.     Motion to exclude the testimony of Nickie Wernecke.

Plaintiff requests an order to preclude Ms. Wernecke as a witness because she was not identified in previous discovery responses.  Ms. Wernecke is the current store manager, and Defendant's designated corporate representative for trial.  On October 27, 2008, Defendant disclosed to Plaintiffs, by e-mail, that Ms. Wernecke may also testify as to the general responsibilities of employees of Home Depot.

Defendant does not dispute that Ms. Wernecke was not previously disclosed as a witness.  The Court finds that the Plaintiffs are prejudiced by the Defendant's failure to disclose this witness and the substance of her testimony prior to October 27, 2008, and grants Plaintiffs' motion to preclude Ms. Wernecke as a witness at trial.

      4.   Motion to exclude The Home Depot's Proposed Exhibits No. 2006, 2007 and 2008.

Plaintiffs move to exclude Defendant's Exhibit Nos. 2006, 2007 and 2008 on the basis that they lack "foundation to establish any relevancy to any issue in this

**Memorandum Decision and Order – 5**

case." Plaintiffs' Supplemental Motions In Limine (Docket No. 48 ), p. 5. These documents were submitted as attachments to Bonham's affidavit in support of Defendant's motion for summary judgment on its statutory immunity defense. The documents are relevant to Defendant's affirmative defense. The motion to exclude the exhibits on the basis of foundation is denied without prejudice. The Court will consider an objection to foundation at trial, if appropriate.

Plaintiff also moves to exclude Exhibit No. 2008 under Fed.R.Evid. 403(b), on the basis that any probative value of the document is outweighed by the potential for prejudice by its admission. Exhibit 2008 is entitled "USA DOMESTIC - Standard - In Store Services Agreement executed 6/25/05." Plaintiff's accident occurred on January 7, 2005, which is the point in time in which Defendant's contractual relationship with Central is relevant. In his Affidavit, Bonham states that the 6/25/05 Agreement amends and supplements the Home Depot Supplier Buying Agreement between Defendant and Central. *Affidavit of Aaron Bonham in Support of The Home Depot's motion for Summary Judgment*, p. 3, ¶ 3 (Docket No. 18). The relevance of the amendment/supplement executed after the date of the accident is not clear from either Bonham's Affidavit, or Defendant's response to the Motions in Limine. However, it is difficult to resolve relevance objections without some context. Therefore, the Court will deny Plaintiffs' motion, but do so without prejudice to it

**Memorandum Decision and Order – 6**

being renewed at trial.

     5.     Motion to exclude The Home Depot's Proposed Exhibit No. 2009.

This motion is moot by the parties' agreement and, therefore, denied.

     6.     All evidence regarding Defendant's statutory employer defense.

Plaintiffs request an order precluding Defendant from offering "any testimony, reference, instruction, or argument on Home Depot's statutory employer defense." Plaintiffs state that the only evidence that Defendant has disclosed and would present in support of its defense was previously provided in support of Defendant's motion for summary judgment, which the Court denied. The Plaintiffs contend, therefore, that this Court has already ruled that the evidence that will be presented at trial on the issue "is insufficient" to meet Plaintiffs' burden in bringing this claim.

Plaintiffs basically seek summary judgment, but are doing so long after the deadline for dispositive motions has expired. In ruling on Defendant's motion for summary judgment, the Court did not find the evidence "insufficient" but instead identified questions of fact.

Plaintiffs argue that Defendant's evidence in support of its affirmative defense should also be precluded because of Defendant's failure to respond to the formal discovery requests. The Court denies the motion for the reasons which the Court set forth above in denying Plaintiffs' request to preclude Aaron Bonham as a witness.

**Memorandum Decision and Order – 7**

Finally, plaintiff argues that the Court should preclude argument to the jury on the statutory immunity defense. The basis appears to be that the jury will be confused by such argument because there is no "indication that [Defendant] will be able to sustain its burden of proof at trial." *See* Plaintiffs' Supplemental Motions In Limine, p. 9 (Docket No. 48). For the same reasons, the Court rejects this argument as well.

***Plaintiffs' Motions in Limine  (Docket No.46)***

*Plaintiffs Motions in Limine* (Docket No. 46) included five requests. Requests 1 - 4 are addressed in the Court's decision above on *Plaintiffs' Supplemental Motions in Limine* (Docket No. 48). Only no. 5 remains, in which Plaintiff requests the Court exclude "all evidence, inference and references related to collateral sources or benefits of any kind including, but not limited to: insurance of any kind, workers compensation or governmental payments, social security and pensions, vacation or sick pay." *Plaintiffs' Motions In Limine*, p. 2 (Docket No. 46). Plaintiff argues that the collateral source evidence should be excluded under Rule 403 because its probative value is outweighed by its potential prejudicial effect, and the likelihood that the jury will "misuse" the information."

Defendant did not respond to Plaintiffs' motion, and stated during the telephonic conference that it agrees with Plaintiffs' position. This motion is therefore granted.

**Memorandum Decision and Order – 8**

## Defendant's Motions In Limine (Docket No. 52)

1.  *Motion to Exclude Plaintiffs' trial exhibits 1000, 1004-1009, 1010-1011, 1017, 1019 - 20.*

    This motion is moot per the parties' agreement and, therefore, denied.

2.  *Motion to Exclude Plaintiffs' exhibit nos. 1017 and 1019-1020.*

    This motion is moot per the parties' agreement and, therefore, denied.

3.  *Objection to Expert Witness Testimony Not Previously Disclosed.*

    This motion is moot per the parties' agreement and, therefore, denied.

4.  *Objection to Tim Ippolito's Testimony to What Employees Of The Home Depot Knew.*

    Defendant argues that Plaintiffs have listed Mr. Ippolito to testify to matters to which he can only speculate. The Court denies this motion without prejudice. The Court will consider Mr. Ippolito's testimony, and any objections thereto, in its context.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion in Limine (Docket No. 46) and Plaintiffs' Supplemental Motions in Limine (Docket 48) be GRANTED IN PART AND DENIED IN PART consistent with this

**Memorandum Decision and Order – 9**

decision.

IT IS FURTHER ORDERED that Defendant's Motion in Limine (Docket No. 52) is DENIED.



DATED:  **November 6, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 10**