IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA SCHWENK AND LEONARD SCHWENK,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE HOME DEPOT, U.S.A., INC., d/b/a THE HOME DEPOT, a Delaware Corporation,<br><br>　　　　Defendants. | Case No. CV-07-134-N-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Defendant Home Depot's motion to stay enforcement of the judgment pending appeal (Docket No. 88) and motion for approval of a supersedeas bond (Docket No. 92).

## BACKGROUND

On March 20, 2007, Home Depot removed this personal injury action to the United States District Court for the District of Idaho. (Docket No. 1). Thereafter, and following resolution of pre-trial motions, the case proceeded to jury trial in November of 2008. (Docket Nos. 63-71). On November 14, 2008, the jury returned a special verdict in favor of Plaintiffs Donna and Leonard Schwenk.

Order - 1

(Docket No. # 76).

On December 11, 2008, the Court entered judgment in favor of Plaintiffs in the amount of $404,483.25.  (Docket No. 81).  On February 4, 2009, the Court denied a post-trial motion for judgment as a matter of law filed by Home Depot. (Docket Nos. 77 and 86).  Thereafter, Home Depot filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit.  (Docket No. 90).

On March 5, 2009, Home Depot filed the pending motions to stay execution of the judgment pending appeal and for approval of its supersedeas bond.  (Docket Nos. 88 and 92).  Plaintiffs have not opposed either motion.

## ANALYSIS

Fed. R. Civ. P. 62(d) provides in pertinent part,

> **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . .  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Where a supersedeas bond is posted and approved by the district court, Fed. R. Civ. P. 62(d) entitles an appealing party to an "automatic stay" of a money judgment pending resolution of the appeal.  *Nat'l Labor Relations Bd. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (quoting *Donovan v. Fall River Founding Co.*, 696 F.2d 524, 526 (7th Cir. 1982)); *see also Acacia Research Corp. v. Nat'l Union Fire Ins. Co.*, No. SA CV 05-501 PSG (MLGx), 2008 WL 4381649, at *1 (C.D.

**Order - 2**

Cal. Sept. 9, 2008) (noting that Rule 62(d) "entitles a defendant to an automatic stay" upon posting of a supersedeas bond). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *Westphal*, 859 F.2d at 819. "District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel*, 831 F.2d at 1505 n.1.

After Plaintiffs prevailed at trial and this Court entered a money judgment in their favor, Home Depot properly moved to stay the money judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(d). To date, Plaintiffs have neither opposed the motion to stay nor indicated that they could be harmed if the stay is granted. In addition, Plaintiffs have not opposed Home Depot's motion for approval of a supersedeas bond in the amount of $410,000.00. The Court notes that the supersedeas bond posted by Home Depot is in an amount exceeding this Court's money judgment, and further, that the bond appears adequate to protect Plaintiffs' interests. *See* (Docket Nos. 81 and 92). In light of those facts, the Court hereby grants Home Depot's motion for approval of the supersedeas bond in the

**Order - 3**

amount of $410,000.00.  (Docket No. 92).  In addition, and considering that Fed. R. Civ. P. 62(a) entitles Home Depot to an automatic stay of the money judgment upon posting of an approved bond, the Court hereby grants Home Depot's motion to stay execution of this Court's money judgment pending resolution of the appeal. (Docket No. 88).  *See Westphal*, 859 F.2d at 819; *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1989).

## CONCLUSION

Home Depot's motion to stay execution of this Court's money judgment pending appeal (Docket No. 88) is GRANTED.  Likewise, Home Depot's motion for approval of its supersedeas bond (Docket No. 92) is GRANTED.

As Home Depot has already posted bond, the money judgment in favor of Plaintiffs entered by this Court on December 11, 2008 (Docket No. 81) is HEREBY STAYED pending resolution of Home Depot's appeal to the Court of Appeals for the Ninth Circuit.

DATED:  **August 11, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

Order - 4